### The State use of M. Gaither, *vs.* E. Gaither—*June term* 1840.

Upon demurrer the court is required to examine the whole record, for the purpose of discovering the first substantial defect in the pleadings, and to give judgment against the party committing the first fault.

In an action by a widow upon the testamentary bond of the executor of her husband, claiming her third of the estate; the replication assigning the breach, alleged the non-payment of her third of a debt due from the executor himself, without averring that she was entitled to such third, after the payment of debts, was adjudged bad on general demurrer.

APPEAL from *Frederick* County Court.

This was an action of *debt*, commenced by the appellant on the 19th of October 1836, against the appellee, on his testamentary bond as executor of *Stuart Gaither*, deceased, dated the 25th November 1834. To the declaration the defendant pleaded performance generally.

And the plaintiff replied, assigning for breach, that the said *Stuart Gaither* did in his life time, to wit, on the 18th day of May 1833, make, and in due form of law sign and execute his last will and testament in writing, in the words, letters and figures following, to wit, (here insert will at length,) and after the making, signing and executing the said last will and testament, to wit, on the 28th day of October 1834, the said *Stuart*

*Gaither* died at the county aforesaid, by which said will and testament, the said *Edward Gaither* was appointed one of the executors thereof; and the said State further avers, that *Margaret Gaither* in said will mentioned, for whose use and instance this suit is brought, &c., after the death of the said *Stuart Gaither*, she being his widow, did on, &c., deliver and transmit to the orphan's court of *Frederick* county, a written renunciation of all claim, bequest and devises, made to her by the said testament and last will of her husband, which was executed in due form of law, and delivered and transmitted to the said orphan's court within the time prescribed by the act of Assembly in such case made and provided; that by the effect and virtue of which said written renunciation, the said *Margaret Gaither* therein mentioned, became and was entitled to one-third part of the personal estate of the said *Stuart Gaither* deceased, which remained after the payment of all debts and charges in the settlement of said personal estate, and to the proceeds of the collections of all debts, dues and demands, due and owing to the said *Stuart Gaither* at the time of his death; and the said State in fact saith, that the said *Edward Gaither*, the executor named in the said will, at the time of the death of the said *Stuart Gaither*, was justly and truly indebted to the said *Stuart*, in the full and just sum of $1502.71, and the legal interest thereon, which said claim due and owing from the said *Edward Gaither*, the executor aforesaid, to the said *Stuart Gaither* at the time of his death, the said *Edward Gaither*, as the executor aforesaid, gave in said claim to the orphan's court aforesaid, in the list of debts as being due and owing from him, which claim so given in to the orphan's court aforesaid, in the list of debts of the said deceased, comprises the following notes or single bills and account, to wit, one note or single bill dated on the 12th day of March, 1825, for eighty dollars, with interest from the date thereof, and payable on the 15th day of May 1825; one single bill for one hundred and forty dollars and seventy-four cents, dated on the 19th day of March 1834; one single bill of one thousand two hundred and seventy-five dollars and se-

venty-two cents, dated on 16th day of February, 1828, and given
to *Henry H. Gaither,* by the said *Edward Gaither,* with *Stuart*
*Gaither* the deceased as his security, and by the said *Stuart*
*Gaither* as such security, paid to *Henry H. Gaither* on the 1st
day of October 1828, with the following receipt or writing on
the back of the said single bill, to wit: Received the within
amount in full from *Stuart Gaither.* [Say $1275.72.]

 *October 1st,* 1828.        HENRY H. GAITHER.

 And also an account of six dollars and twenty-five cents,
due to the said *Stuart Gaither* at the time of his death, from
the said executor *Edward Gaither.* And the said State, by
its attorney aforesaid, in fact saith, the said *Edward Gaither,*
as the executor aforesaid, in settling his account with the
orphan's court aforesaid, neglected and refused to account for
the said sum of money due from him to the said *Stuart Gaither*
at the time of his death, in manner prescribed by the act of
Assembly in such case made and provided, or to make any
distribution thereof by accounting to the said *Margaret Gai-*
*ther* for her proportion of one-third part thereof, or paying or
satisfying her for the same or any part thereof. Nevertheless
the said *Edward Gaither,* as the executor aforesaid, since he
gave in to the orphan's court aforesaid, in the list of debts
due the said *Stuart Gaither* deceased, the claims aforesaid due
and owing from himself to said *Stuart,* hath hitherto altoge-
ther refused, and still doth refuse, to account for said sum of mo-
ney so returned and given in, in the list of *debts* aforesaid, or
any part thereof, and this the said State by its said attorney is
ready to verify: wherefore the said State, &c.

 SECOND BREACH—And for a further breach of the said
condition of the said writing obligatory, according to the form
of the statute in that case made and provided, the said State
saith, that after the making of the said writing obligatory,
and while the said *Edward Gaither* remained one of the act-
ing executors of the said *Stuart Gaither* deceased, to wit, on
the 3rd day of February, eighteen hundred and thirty-six, at
*Frederick* county aforesaid, there remained in the hands of the
said *Edward Gaither,* as one of the acting executors of the said

*Stuart Gaither*, deceased, the full and just sum of two thousand three hundred dollars and ten cents, it being one third part of the clear estate of the said *Stuart Gaither* deceased, as settled by the said *Edward Gaither*, after payments, disbursements and allowances deducted, as by the account of the said *Edward Gaither*, of the said estate first examined, passed and allowed by the orphan's court of the county aforesaid, may appear; and that *Margaret Gaither*, at whose request the original writ in the plea aforesaid was impetrated, is the widow of said deceased, and such widow, entitled to one-third part of the said clear personal estate of her husband, she having in due form of law delivered and transmitted to the orphan's court aforesaid, a written renunciation of all claim to all devises and bequests to her, by virtue of the said last will and testament of the said *Stuart Gaither* deceased, given, and that said written renunciation was filed with and transmitted to said orphan's court within the time prescribed by law; and the said State by its said attorney, in fact saith, that the said *Margaret Gaither*, as the widow of the said *Stuart Gaither* deceased, is justly entitled to the said sum of two thousand three hundred dollars and ten cents, so as aforesaid in the hands of the said *Edward Gaither* as one of the acting executors of said deceased, it being the one-third part of the clear personal estate of the said deceased, as settled by the said *Edward Gaither*, as aforesaid, after all payments, disbursements and allowances deducted, and that the said *Edward Gaither*, although often requested and demanded, never did pay unto the said *Margaret Gaither*, or any person or persons appointed by her to receive the same, the said sum of two thousand three hundred dollars and ten cents, or any part thereof, and this the said State by its attorney is ready to verify: wherefore, &c.

To these breaches the defendant rejoined, as to the said replication of the said plaintiff, that the said plaintiff ought not, &c., because as to so much and such parts of said replication as alleged that the said defendant was justly and truly indebted to the said *Stuart Gaither*, deceased, in the full and just sum of $1502.71, and the legal interest thereon, and as to so

much of said replication and such parts thereof, as allege
that the said defendant, as executor as aforesaid, gave in said
claim to the orphan's court, as due and owing from the said
defendant, and as to so much of said replication and such
parts thereof as specify the notes or single bills, and the ac-
count in the list of debts of said deceased, which were com-
prised in said sum, and as to so much of said replication as
alleges, that the said defendant refused to account for the
said sum of money in settling his account as executor with the
orphan's court aforesaid; or to make any distribution thereof;
and as to the said supposed breach *first* above alleged, the
said defendant says, that although it is true that he did give
in said claims as due and owing from the said defendant to the
said deceased, for rejoinder, nevertheless in this behalf he says,
that at the said time when he the said defendant, as executor
as aforesaid, gave in said claim against himself, he the said
defendant then was, and thenceforth hitherto hath continued
to be and still is, to wit, at *Frederick* county aforesaid, a cred-
itor of the said deceased in a larger sum of money than the
amount of said claims, and the legal interest thereon, that is
to say, in the sum of three thousand dollars, current money,
for money by the said defendant before that time, in the life
time of the said *Stuart*, to wit, on the first day of October, in
the year 1834, at, &c. lent and advanced to, and paid, laid out and
expended for the said *Stuart*, in his life time, and at his spe-
cial instance and request, and for money by the said *Stuart*,
before that time, in his life time, had and received to and for
the use of the said defendant, and for money due and owing
from the said *Stuart*, in his life time, to the said defendant upon
divers promissory notes of him the said *Stuart*, in his life time,
before that time made to the said defendant, and then and there
being due, owing and wholly unpaid, and for interest upon,
and for the forbearance of divers large sums of money due
and owing from the said *Stuart*, in his life time, to the said
defendant, and by the said defendant, at the special instance
and request of the said *Stuart*, in his life time, forborne to the
said *Stuart*, in his life time, for divers long space of time, be-

fore then elapsed; and for money due and owing from the said *Stuart*, in his life time, to the said defendant, upon an account stated in the life time of the said *Stuart*, between them. And the said defendant in. fact saith, that the said *Stuart* in his life time, being so indebted as aforesaid, in the said last mentioned sum of money, afterwards, in his life time, to wit, on, &c. at, &c., upon himself assumed, and to the said defendant then and there faithfully promised and undertook to pay him the said defendant the said last mentioned sum of money, when he the said *Stuart* should be thereunto afterwards requested; but which said last mentioned sum of money, nevertheless, the said *Stuart* in his life time, did not pay, liquidate or discharge, nor did he pay, liquidate or discharge any part thereof, although thereunto afterwards requested, to wit, at *Frederick* county aforesaid; nor has the said defendant hitherto received any part or parcel thereof, nor any security or satisfaction for the same, except as a set off thereto, in part, the said amount so as aforesaid, given in by the said defendant as a claim against himself, as in that behalf in said replication is above mentioned, and which said amount, so as aforesaid given in by said defendant, as a claim against himself, the said defendant hath always been and still is is ready and willing to set off against, deduct from, and apply in satisfaction *pro tanto* of the aforesaid claim of the said defendant against the said deceased. Forasmuch therefore, as the said claim of the said defendant against the said deceased, exceeds the said amount, so as aforesaid given in by the said defendant as a claim against himself, the said defendant was not, nor is under any obligation or necessity, nor is he compellable by law to account for the said amount, so as aforesaid given in by the said defendant as a claim against himself, otherwise than by applying the same in satisfaction *pro tanto* of the aforesaid claim of the said defendant against the said deceased, nor is the said defendant bound to make distribution of the said amount, so as aforesaid given in by the said defendant as a claim against himself. And the said defendant is ready and willing, and hereby offers, out of the claim of the

said defendant against the said deceased, to set off and allow the full amount of the said claim, so as aforesaid given in by the said defendant as a claim against himself, in extinquishment *pro tanto* of the aforesaid claim, of the said defendant, against the said deceased, according to the act of Assembly in such case made and provided, and this the said defendant is ready to verify. Wherefore he prays judgment if the said plaintiff ought to have or maintain its aforesaid action thereof against him, in respect of said sum of fifteen hundred and two dollars and seventy-one cents, in the said replication above mentioned, and the legal interest thereon, and in respect of said supposed breach of the said condition of the said writing obligatory, first above assigned in the said replication.

SECOND REJOINDER—And as to the said residue of the said replication, and as to the said supposed breach of the said condition of the said writing obligatory in the said replication *secondly* above assigned, the said defendant says, that although it is true that the said sum of two thousand three hundred dollars and ten cents, remained in the hands of the said defendant as executor, being one-third of the clear balance after payments, disbursements and allowances deducted, for rejoinder, nevertheless in this behalf, the said defendant says, that before the impetration of the original writ in this case, to wit, on the first day of October, in the year of our Lord eighteen hundred and thirty-six, at *Frederick* county aforesaid, he the said defendant paid to the said *Margaret Gaither*, named in the endorsement of the said original writ, at whose instance and for whose use this suit was brought, and is prosecuted, the said sum of two thousand three hundred dollars and ten cents, together with all interest due thereon; and this the said defendant is ready to verify. Wherefore he prays judgment, if the said plaintiff ought to have or maintain its aforesaid action thereof against him in respect of said last mentioned sum of money, in the said replication above mentioned; and in respect of said supposed breach secondly above assigned in the said replication.

THIRD REJOINDER—And the said defendant, by leave of the

court here, &c., for further plea, by way of further rejoinder in this behalf, as to the said supposed breach of the said condition of the said writing obligatory, *firstly* in the said replication above assigned, and as to the said sum of fifteen hundred and two dollars and seventy-one cents, and the legal interest thereon, in the said replication above mentioned, and as to so much of said replication, and such parts thereof as specify the notes or single bills, and the account in the list of debts of said deceased, which were comprised in said last mentioned sum, this defendant says, that although it is true that he said defendant, as executor as aforesaid, did give in said claims against himself as due and owing from him the said defendant to the said deceased; nevertheless by way of *further* rejoinder to the said supposed breach of the said condition of the said writing obligatory, in the said replication first above assigned, the said defendant says, that in the life time of the said *Stuart*, to wit, on the twentieth day of November, 1834, and at the time of the death of the said *Stuart*, and also at the said time when he the said defendant, as executor as aforesaid, gave in the said claim against himself, as in that behalf in said replication is alleged, he the said defendant then was a creditor of the said deceased in a larger amount than the said sum of fifteen hundred and two dollars and seventy-one cents, and all the interest thereon, to wit, in the sum of other three thousand dollars, current money, to wit, at *Frederick* county aforesaid, partly upon a certain promissory note of him the said *Stuart*, in his life time made by him the said *Stuart*, in his life time, to wit, on the thirteenth day of November, in the year of our Lord one thousand eight hundred and nineteen, at the county aforesaid, and whereby he the said *Stuart* in his life time, then and there, ten days after the date hereof, (the date thereof being the day and year last aforesaid,) promised to pay to the said defendant or order, the sum of one thousand dollars, with interest thereon from the date thereof, for value received; by reason whereof, and by force of the statute in such case made and provided, the said *Stuart*, in his life time, then and there became liable to pay the said sum of money in the said note specified, ac-

cording to the tenor and effect of the same note, and being so liable, the said *Stuart,* in his life time, in consideration thereof, afterwards, to wit, on the day and year last aforesaid, at the county aforesaid, undertook and then and there faithfully promised the said defendant, to pay him, the said sum of money in the said promissory note specified, according to the tenor and effect of said note, but which said note nevertheless, the said *Stuart* in his life time did not pay, either in whole or in part, nor had the said sum of money in the said note specified, or any part thereof, been paid to the said defendant by any person or persons, or in any manner, at the said time, when the said defendant, as executor as aforesaid, gave in said claim against himself, and partly for money by the said defendant, before the said time, when the said defendant gave in said claim against himself, and also before the said twentieth day of November, in the year of our Lord eighteen hundred and thirty-four, to wit, on the nineteenth day of November, in the year of our Lord eighteen hundred and thirty-four, at the county aforesaid, lent and advanced to, and paid, laid out and expended for the said *Stuart* in his life time, and at his special instance and request, and partly for money had and received by the said *Stuart* in his life time, to wit, on the day and year last aforesaid, and before the said twentieth day of November, in the year of our Lord eighteen hundred and thirty-four, at the county aforesaid, to and for the use of the said defendant, and the residue for money due and owing from the said *Stuart,* in his life time, to the said defendant, upon an account in the life time of the said *Stuart,* and before the said twentieth day of November, eighteen hundred and thirty-four, to wit, on the nineteenth day of November, eighteen hundred and thirty-four, at the county aforesaid, stated between them. And the said defendant in fact saith, that the said *Stuart* being so liable and indebted as aforesaid, in consideration thereof, afterwards, in his life time, to wit, on the twentieth day of November, in the year of our Lord eighteen hundred and thirty-four, at the county aforesaid, upon himself assumed, and to the said defendant then and there faithfully promised and undertook to

pay him the said defendant, the said sum of three thousand dollars, current money, when he the said *Stuart* should be thereunto next afterwards requested; but which last mentioned sum of money, nevertheless, the said *Stuart* in his life time did not satisfy and pay, nor did he satisfy or pay any part thereof, nor hath the said defendant since the death of the said *Stuart*, received the said last mentioned sum of money, or any part or parcel thereof, nor hath any security or satisfaction been given for the same, except only that he the said defendant as executor as aforesaid, hath set off, discounted, applied and credited the sum of the principal and interest of the said claim, so as aforesaid given in against himself, against, out of, towards and upon the said claim of the said defendant against the said deceased, in satisfaction and discharge *pro tanto* of the said claim of the said defendant against the said deceased, and whereby the said claim of the said defendant hath been and is credited to the amount of the principal and interest of the said claim against himself, so as aforesaid given in by the said defendant as executor, and is diminished and reduced by the amount of said credit. But forasmuch as the said claim of the said defendant against the said deceased, notwithstanding such credit, is not fully discharged and extinguished, and the said claim against himself, so as aforesaid given in by the said defendant, hath been wholly absorbed and consumed, the said defendant was not nor is under any legal compulsion or necessity to make distribution of said sum of fifteen hundred and two dollars and seventy-one cents, and the interest thereon, nor was he compellable by law to account for the same otherwise than as he has done, in giving credit as aforesaid, in part of his said claim against the said deceased, and this the said defendant is ready to verify. Wherefore he prays judgment, if the said plaintiff ought to have or maintain its aforesaid action thereof against him in respect of said sum of fifteen hundred and two dollars and seventy-one cents, and the legal interest thereon, in the said replication above mentioned; and in respect of said supposed breach of the said con-

dition of the said writing obligatory first above in the said replication assigned.

'The plaintiff demurred to the first and third rejoinder, in which the defendant joined.

To the second rejoinder the plaintiff surrejoined; that the said *Edward* did not pay to the said *Margaret Gaither*, the said sum of two thousand three hundred dollars and ten cents, in the second breach of the said replication, as the said State hath above in its said replication in that behalf alleged, and this the said State prays may be inquired of by the country, &c.   And the defendant confessed he owed $63.57 in manner and form, &c., and for which the county court rendered judgment for the plaintiff.

Upon the demurrer the county court rendered judgment for the defendant.   The plaintiff appealed to this court.

The cause was argued before STEPHEN, ARCHER, CHAMBERS, and SPENCE, J.

PALMER and WORTHINGTON for the appellants, contended:

1st. The defendant's rejoinder to the plaintiff's replication, is a departure from his plea of general performance, and therefore bad on general demurrer.

2nd. The defendant is estopped from denying that he was justly indebted to *Stuart Gaither*, the testator, at the time of his. death, in the sum of fifteen hundred and two dollars and seventy-one cents, as set forth in the plaintiff's replication, he having given in and returned said claim to the orphans' court in the list of debts due to the deceased, which is to be considered as so much money in his hands.

3rd. The defendant as the executor of *Stuart Gaither*, cannot retain for his own claim, if he in truth have one against the deceased, or claim the same by way of set off against the demand of the said *Margaret Gaither*, said claim of defendant not having been passed by the orphans' court, nor proved according to the act of Assembly in such case made and provided.

4th. It is not alleged in the defendant's rejoinders to the

plaintiff's replication, assigning breaches, that his claim had been passed by the orphans' court, or proved according to law.

5th. The orphans' court has exclusive jurisdiction in all cases of debts and claims due to executors and administrators from deceased persons, and in all cases of debts and demands due from executors and administrators to the deceased at the time of his death, and that all judgments and determinations of the orphans' court in such cases, are conclusively binding upon the parties unless appealed from.

F. A. SCHLEY and W. SCHLEY for the appellees, maintained the converse of the several propositions, asserted by the counsel for the appellants in the points by them filed; and also insisted, that the *first* breach of the plaintiff's replication to the defendant's plea of general performance is demurrable, in this to wit, that it is not alleged in, and by the said replication, that the said sum of $1502.70, (supposed to be assets in the hands of the said defendant for distribution, and whereof the said *Margaret* as widow, claims one-third part,) was so much clear estate of the said testator, remaining after payment of debts, &c.

STEHEN, J., delivered the opinion of the court.

This suit was instituted by the plaintiff against the defendant, as executor of *Stuart Gaither*, to recover her distributive share of her husband's estate. The suit was brought upon the testamentary bond; the defendant pleaded performance; and the plaintiff set out her cause of action in the replication, which contains two breaches; the *first* of which only requires the attention of this court. In that breach she charges, that she as the widow of *Stuart Gaither*, was entitled to one-third part of his personal estate, which remained after the payment of all debts and charges in the settlement of said personal estate, and to the proceeds of the collections of all debts, dues and demands, due and owing to the said *Stuart Gaither* at the time of his death; she then alleges, that the executor at the time of the death of *Stuart Gaither*, was indebted to him in the sum of

$1502.71, and the legal interest thereon, which debt was given in by the executor in the list of debts as being due and owing from him. She then avers, that the said executor in settling his account with the orphans' court, neglected and refused to account for the said sum of money due from him according to law, or to make any distribution thereof, by accounting to her for her proportion, or one-third part thereof; and that he hath altogether refused to account for the said sum of money or any part thereof. To this breach the defendant rejoins, *first,* a set off of a larger amount of money due to him by the deceased at the time of his death, to wit, the sum of $3000 current money, out of which he offers to set off, and allow the full amount of the said claim, given in by him, as a claim against himself, in extinguishment *pro tanto,* of the aforesaid claim of the said defendant, against the said deceased. He also rejoins in virtue of his said claim against the deceased at the time of his death, a retainer of the sum of money given in as a debt due by him to the estate, in part extinguishment of his said claim, whereby he alleges, that his debt due to the estate, has been absorbed and paid, and that he as executor, was not bound to distribute the same, or compellable by law, to account for the same, otherwise than he has done in giving credit as aforesaid, in part of his said claim against the said deceased. To these rejoinders the plaintiff demurs, and the defendant joins in demurrer. Upon this state of the pleadings, according to well established principles, it is the duty of the court to examine the whole record, for the purpose of discovering the first substantial defect in the pleadings, on which ever side it may have occurred; and to give judgment against the party first in default, or committing the first error in that respect. After having performed this duty, we think that the first substantial error in the pleadings in this case, is found in the replication of the plaintiff, in which she claims one-third part of the debt due from the defendant, to the estate of her husband *Stuart Gaither,* without averring, that she was entitled to the same, after all debts due from his estate had been satisfied and paid. Here then she manifestly committed an

error substantial in its nature, and going to the very gist of her claim, because until the debts were paid, she was clearly entitled to nothing.   In this case the replication performs the office of a declaration, and first exhibits the plaintiff's real cause of action, and as the Court of Appeals have said in 3 *Gill & John.* 388, it is not upon the evidence, but upon the pleadings and evidence applicable to the pleadings, that a plaintiff can recover in any case.   It is therefore always ne= cessary, that the declaration should set out a good and suffi= cieut cause of action to be judged of by the court, otherwise it is in vain to look to the evidence in the cause, upon which there can be no recovery without a case made in the declara-tion.                                        JUDGMENT AFFIRMED.