(Decided Oct. 9th, 1863.)

---

PHILADELPHIA, WILMINGTON & BALTIMORE RAIL ROAD CO., *vs.* THE STATE OF MARYLAND.

AN INDICTMENT against a Rail Road Co. for erecting and maintaining a nuisance upon a public road, described the venue as "in Cecil County," and the locality of the alleged nuisance at the time of taking the inquisition as "at the County aforesaid," and especially set out in each count the nature of the nuisance, that "it was a common nuisance." No other County was named in the indictment; HELD:

That no presumption could arise that the offense was committed in any other County, and that the indictment possessed the essential attribute of certainty to a reasonable extent, and was good on demurrer.

NUISANCE—PUBLIC: PRESCRIPTION.—There is no such thing as a prescriptive right to maintain a public nuisance.

APPEAL from the Circuit Court for Cecil County :

This appeal is from a judgment of the Circuit Court for Cecil County, in favor of the State, upon an indictment charging the appellant with erecting and maintaining a

nuisance upon a public highway.   The case is stated in the opinion of the Court.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Otho Scott* and *John C. Groome,* for the appellant:   ·

1st. A demurrer goes back to the first error in pleading. *Yingling vs. Hoppe,* 9 *Gill,* 313.   All the counts are defective in not stating the road and bridge to be in Cecil County; from the description in the indictment the bridge may be in the State of Delaware. In an indictment for obstructing highways by an impassable bridge or otherwise, the County in which the obstruction is placed should be stated. *Arch. Cr. Pl.,* 756.

2nd. It is not stated that the road is an established road or way. There is no such thing as a road by prescription in this State, a prescription is founded upon a user for a length of time, whereof the memory of man runneth not to the contrary, which means from the time Richard the First began his reign; no user in this State could date so far back.   Any interruption of the user since that period would destroy the prescription. 2 *Black. Com.,* 31.  Long user furnishes a presumption that the user had a lawful beginning, but is not evidence of a prescriptive right in this State.   Twenty years user or possession, is evidence of a grant, deed, or any other document necessary to legalize such user or possession. *Burke vs. Negro Joe,* 6 *G. & J.,* 136.   Twenty years user of a road by the public, and keeping it in repair, would give the public a right to it as a highway.   All the old highways are held by that title, no records can be found giving the public the right to old ways.   The abandonment of a highway for twenty years would extinguish the public right of user, and this often occurs.   In all cases where the user or abandonment has continued for twenty years, the presumption is, that they had a lawful beginning.   A gate across a highway after

twenty years is not a nuisance. *Bac. Abr., Title "Nuisance,"* A.

3rd. The public use of this bridge for over twenty years, without complaint, and passing it with wagons, carts and carriages for all that period, furnishes a conclusive presumption of an understanding with the proper authorities, that the bridge was and is of proper width; ten feet in the clear is wide enough for a wagon or carriage. These vehicles are all made of the same width, for the purpose of running in the same tracks on the highways, and these tracks are five feet apart.

The question, whether twenty years existence legalizes a nuisance, does not arise in this case. Here the thing complained of, was an act on the part of the appellants done by authority of law, and not a nuisance, for obstructions which at common law are nuisances, by statute cease to be such. *Ang. on Highways*, sec. 237. Authority had been given to the appellants by their charter, to cross or intersect any established road or way so as not to impede the passage or transportation of persons or property along the same. Act 1831, ch. 296, sec. 16.

If a change in the travel requires a wider bridge than was necessary when this bridge was built, the company is not bound to widen it. *Rex vs. Devon*, 4 *Barn. & Cress.*, 670.

*W. J. Jones*, for the appellee :

1. The venue is properly laid in the 1st count of the indictment. *Wharton's Precedents*, 402, title *"Nuisance, general frame of indictment."*

The 2nd count of the indictment charges that the bridge "was so narrow and that said public road was so obstructed and straitened, that the citizens could not pass," &c., "and that by reason of the narrowness of said bridge, the passage and transportation of persons and property was then and still is impeded," &c. The removal of the nuisance does not require that the bridge shall be made of

any specific width, but that it shall be so wide as, in the language of the Act of Assembly, "not to impede the passage or transportation of persons or property along said road." That it does so impede now is admitted by the appellant by his plea.

It is true the English forms for not repairing highways "show how the road was out of repair," but they do this in such general terms as "ruinous, miry, deep, broken." *Arch. Cr. Pl.*, 485. And if this count were for not repairing, which it is not, "narrow" is as comprehensive and explicit a term as those used in the English forms.

The 3rd count charges that the bridge itself "is an obstruction to the said public road, so that the citizens of said county cannot pass and repass," &c. This count will be found to be in the exact form of precedents in *Arch. Cr. Pl.*, 482, and *Whar. Precdts.*, 406.

2. The description in the indictment, that this is a public road, is the usual description in Maryland as designating a road used by the public, to which they have an exclusive right, and which the county is bound to repair, from a private road. A road may be abandoned; but the abandonment must be voluntary, if done in obedience to force it becomes exclusion.

3. The county authorities could not give permission to the railroad company to impede the public travel. A public road can only be altered, narrowed, changed or closed in the mode prescribed by statute. This required the petition of the inhabitants, the appointment of commissioners, &c., and has been the law of the State from a very early period. See Acts of 1794, ch. 52, and 1821, ch. 152. Where the road has been altered, narrowed or closed without due authority, the public may at any time indict the party thus obstructing the road, and it is immaterial how long this obstruction has continued. *Ang. on Highways*, sec. 224.

The character of the impediment cannot be tried by the pleadings in this case. A real impediment is admitted,

and the fact that it has existed for twenty years is alone relied on for defence. The plea discloses the additional fact, that the bridge was not built by the appellants, but was rebuilt by them in 1849. The thing complained of was therefore erected by this defendant much less than twenty years ago.

The Acts of Assembly authorizing the railroad company to cross public roads is specific and clear in requiring the crossing to be so made as not to impede the transportation or passage of persons or property over said public roads, and these Acts of Assembly are strictly construed, and those acting under them can only do that which they authorize, and in the precise way and manner therein prescribed, and if they transcend or depart from the Statute, it is a nuisance. *Ang. on Highways,* sec. 237. *Hughes vs. R. R. Co.,* 2 *R. I. Rep.,* 493. *Rex vs. Morris,* 1 *Barn & Adol.,* 441. *Regina vs. Railway Co.,* 2 *Adol. & El.,* N. S., 347. *Regina vs. Scott,* 3 *Id.,* 543. Some of these cases are for a *mandamus* it is true, but in *Rex vs. Can. Co.,* cited in *Regina vs. Railway Co.,* 1 *Railway Cases,* 323, it is decided that if a company acting on statutory powers, deviate from them, and in so doing obstruct a highway, they may be indicted. See also *Regina vs. Birm. & Glo. Railway Co.,* 3 *Adol. & El.,* N. S., 223. If the bridge is once a nuisance, the principle of *nullum tempus* applies.

GOLDSBOROUGH, J., delivered the opinion of this Court:

This case comes before us by appeal from a judgment of the Circuit Court for Cecil County, in favor of the appellee upon an indictment charging the appellant with the erection and continuance of a bridge across its railroad, which is alleged to be a nuisance.

The indictment contains three counts: The first count charges that a certain railroad company under the name of the Delaware and Maryland Rail Road Company, was incorporated by the Act of 1831, ch. 296, with power to

construct a railroad therein described. This Act provid-
ed, that in constructing the road, whenever it was neces-
sary to cross or intersect any established road or way, it
should be the duty of the company so to construct their
road as not to impede the passage or transportation of per-
sons or property along the public road. That by a series
of Acts mentioned in the indictment, the above named
company became merged in the appellant, and by the Act
of 1837, ch. 30, it was enacted that the last named com-
pany should be responsible for all the engagements and
liabilities of all the companies united by said Act. That
the Delaware and Maryland Rail Road Company in mak-
ing an excavation for the bed of its road, intersected a pub-
lic road described in the indictment, and made the excava-
tion so deep as to impede the travel thereon. That to
remedy the impediment, the railroad company construct-
ed a bridge across the excavation to enable the public to
use the road thus intersected. That after the erection of
the bridge, it was suffered to become ruinous, broken and
dangerous, so that the citizens of Cecil County could not
pass or repass without danger to their lives or the loss of
their property. To this count, the appellant pleaded not
guilty, and put itself for trial before the Court, and the
appellee did likewise. The Court upon this count render-
ed judgment for the appellant.

The second count charges that the bridge so erected was
so *narrow* that by reason thereof, the citizens of Cecil
County were impeded in the use of the public road afore-
said, and was thus a nuisance.

The third count alleges that the appellant unlawfully
and unjustly did permit and suffer the said bridge *to be and
remain* over said excavation so that the said public road
was thereby obstructed, and the continuance of the bridge
was therefore a nuisance.

To the second and third counts the appellant pleaded
that the said bridge was built by the Wilmington and
Susquehanna Rail Road Company more than twenty years

before the presentment in this case and before the union of said corporation with the appellant, and that the said bridge was repaired by the appellant in 1849, and that it has kept the same in repair ever since.

That the bridge from the time of its erection, has been ten feet wide in the clear, and that it has been used and passed over for the period aforesaid, without any complaint until the finding of the presentment in this case.

To this plea the appellee demurred, and the appellant joined issue on the demurrer. Judgment was rendered for the appellee on the demurrer, and from that judgment this appeal is taken.

In the argument before us the appellant properly insisted, that this Court (in view of the demurrer) is required to examine the whole record for the purpose of discovering the first substantial defect in the pleadings and to give judgment against the party committing the first fault. See *State vs. Gaither,* 11 *G. & J.,* 160; *State vs. Nicols,* 10 *G. & J.,* 27. After a careful examination of the indictment and the legal defects alleged to be apparent therein, we are of opinion that it has the essential attribute of certainty to a reasonable extent. See *State vs. Nutwell,* 1 *Gill,* 54. It describes the venue as in Cecil County. It describes the locality of the alleged nuisance at the time of taking the inquisition, as at the County aforesaid. It specially sets out in each count the nature of the nuisance. That it was a common nuisance to the citizen of Cecil County, and as no other County is named in the indictment, no presumption could arise that the offence was committed in any other County.

The only remaining question for us to consider arises on the appellant's plea set up as a defence to the second and third counts in the indictment.

The existence of the public road being conceded by the plea, it is manifest that the citizens of Cecil County were entitled to the unobstructed use of the same and every part thereof. The privilege to build the railroad was granted with the condition that it should not impede the

Phil., Wil. & Balto. R. R. Co. *vs.* State.

passage or transportation of persons or property along said public road; we find no authority claimed by the appellant by which it could limit the width of the bridge. Whatever may have been the amount of the travel on the public road before or at the time of the erection of the bridge or thereafter, the appellant can find no legal justification for obstructing the road in the forbearance of the citizens of Cecil County to complain of the obstruction. It is conceded by the plea that the bridge is but ten feet in the clear. The width of the bridge was fixed by the voluntary act of the appellant; and if the travel on the public road was so increased at the time of taking of the inquisition, that by reason of the narrowness of the bridge, the passage or transportation of persons or property was then impeded, it was a nuisance.

It is contended on the part of the appellant that "twenty years user of a road by the public and keeping it in repair, would give the public a right to it as a highway." This is doubtless true. It is further contended that "the public use of this bridge for over "twenty years and passing it with wagons, carts and carriages for all that period, furnishes a conclusive presumption of an understanding with the proper authorities, that the bridge was and is of proper width," and the appellant asserts its defence to be, "that the public use of the bridge for more than twenty years without complaint, shows that it never was a nuisance."

We find the opposite doctrine sustained by the following authorities; in 9 *Wendell's R.*, 316, the Court say: "There is no such thing as a prescriptive right or any other right to maintain a public nuisance; whether it was a nuisance or not was a question of fact, and the jury were competent judges upon this matter." See also *Roscoe's Criminal Ev.*, 739. 7 *East*, 190. 1 *Denio's R.*, 524. 2 *Humphry's Tenn.*, *R.*, 543. Upon the weight of these authorities, we think the appellant's plea cannot be sustained and the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*

(Decided Oct. 9th, 1863.)